

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br><br>Carlos GARCIA-Vazquez,<br>Angel Alberto LOPEZ-Torres,<br><br>Defendants. | Magistrate Docket No. '21 MJ02078<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, USC 1324(a)(1)(A)(i) Attempted Bringing In Illegal Aliens At Other Than Port Of Entry<br><br>Title 8, USC 1326 Attempted Entry After Deportation |

## COUNT ONE

The undersigned complainant being, duly sworn, states:

On or about May 22, 2021, within the Southern District of California, defendant Carlos GARCIA-Vazquez, with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Sergio BAUTISTA-Delgado, Eneyda Noemi GOMEZ-Escamilla, and Jose Alfredo TORRES-Alvarez, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens at a place other than a designated Port Of Entry or place other than as designated by the commissioner; in violation of Title 8, United States Code, Section 1324(a)(l)(A)(i).

## COUNT TWO

On or about May 22, 2021, within the Southern District of California, defendant Angel Alberto LOPEZ-Torres, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Diego, California, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Matthew R. Kucewicz
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON MAY 24, 2021.

HON. KAREN S. CRAWFORD
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
Carlos GARCIA-Vazquez
Angel Alberto LOPEZ-Torres

## PROBABLE CAUSE STATEMENT

The complainant states that Sergio BAUTISTA-Delgado, Eneyda Noemi GOMEZ-Escamilla, and Jose Alfredo TORRES-Alvarez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 22, 2021, Border Patrol Agent M. Simeon was conducting his assigned duties in the Imperial Beach Border Patrol Station's area of responsibility. At approximately 4:49 P.M., a distress call to 911 was made on a personal cellular phone of a disabled vessel off the coast of Point Loma, California. At approximately 5:10 P.M., the United States Coast Guard (USCG) responded to the distress call. At approximately 5:37 P.M., the USCG located the disabled vessel approximately 5 nautical miles west of the Point Loma, California coast, and identified the disabled vessel as a pleasure craft, riding low in the water, with an insufficient number of life vests on-board for the number of passengers. USCG were able to discover 12 adults and 2 juveniles. All passengers and the pleasure craft were transported to Ballast Point Naval Base Point Loma. At approximately 6:15 P.M., it was relayed to Agent Simeon that USCG had requested Border Patrol to assist with an immigration inspection of the 14 passengers that were discovered on the disabled pleasure craft.

At approximately 6:55 P.M., Agent Simeon responded to Ballast Point Naval Base Point Loma to where the passengers were being held. This area is approximately 11 miles north of the United States/ Mexico International Boundary, and approximately 12 miles west of the San Ysidro, California Port of Entry. Agent Simeon identified himself as a United States Border Patrol Agent and conducted an immigration inspection. All 14 passengers, including two individuals later identified as the defendants, Carlos GARCIA-Vazquez and Angel Alberto LOPEZ-Torres, stated that they are citizens of Mexico, and without any documents that would allow them to enter or be in the United States legally. At approximately 7:00 P.M., Agent Simeon placed all individuals, including GARCIA and LOPEZ, under arrest. Agent Simeon was later able to gather from USCG, that GARCIA was observed sitting at the helm on the pleasure craft at the time of USCG's encounter. USCG also reported that the 911 distress call was made from GARCIA's personal cellular phone.

At the station, defendant, Carlos GARCIA-Vazquez, was advised of his Miranda rights. GARCIA stated he understood his rights and was willing to answer questions. GARCIA stated

**CONTINUATION OF COMPLAINT:**
**Carlos GARCIA-Vazquez**
**Angel Alberto LOPEZ-Torres**

he is a citizen of Mexico, without any documents that would allow him to enter or be in the United States legally. GARCIA stated that approximately 25 days ago, he made this smuggling arrangement while he was in Acapulco, Mexico and agreed to pay 25,000 Mexican Pesos, which is approximately $1,254 USD. GARCIA continued that the true captain of the pleasure craft went by the moniker, "El Gato." GARCIA stated that he was on the top deck of the pleasure craft with El Gato the entire time he was on the pleasure craft. GARCIA claimed that El Gato was the one helming the pleasure craft. When the pleasure craft had run out of fuel, El Gato was picked up by another vessel and never returned. GARCIA went on that shortly after, he made the call to 911 on his personal cellular phone to request a rescue. GARCIA stated that food was not provided, only water. GARCIA stated he was coming to the United States to find work as a boat driver. GARCIA stated that he does maintenance on boats for a living. GARCIA stated that he is proficient in operating boats and jet skis.

The defendant, Angel Alberto LOPEZ-Torres, was advised of his Miranda rights. LOPEZ stated that he understood his rights and was willing to answer questions without an attorney present. LOPEZ stated that he is a citizen of Mexico illegally present in the United States. LOPEZ admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. LOPEZ stated that he illegally entered the United States on May 22, 2021 with an intended destination of Des Moines, IA.

Material witnesses BAUTISTA, GOMEZ and TORRES, all admitted to being citizens Mexico illegally present in the United States and not having any documents allowing them to enter or be in the United States legally. BAUTISTA, GOMEZ and TORRES further admitted to making smuggling arrangements and agreed to pay between $17,000-$18,000 USD. BAUTISTA, GOMEZ and TORRES stated that an unknown driver took them to the location of the pleasure craft. BAUTISTA, GOMEZ and TORRES identified GARCIA as the captain and the individual that was refueling the pleasure craft. BAUTISTA, GOMEZ and TORRES stated that when the boat ran out of fuel, GARCIA was overheard on the phone requesting someone to come and deliver more fuel. BAUTISTA stated that GARCIA was handling a Global Positioning System (GPS). BAUTISTA and TORRES stated that they do not swim well, and that they were provided life vests. BAUTISTA and GOMEZ stated that they feared for their safety due to the rough seas. BAUTISTA stated that GARCIA told everyone on the pleasure craft to not tell anyone responding to the 911 call who the captain was. TORRES stated that GARCIA told everyone to tell the authorities that the captain had abandoned them.

**CONTINUATION OF COMPLAINT:**
Carlos GARCIA-Vazquez
Angel Alberto LOPEZ-Torres


Routine record checks of the defendant revealed a criminal and immigration history. A comparison of the defendant's criminal record and current fingerprints were used to determine the defendant's record. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on July 16, 2020 through Brownsville-Matamor, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.